UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TARA MCNEIL,<br><br>       Plaintiff,<br><br>       v.<br><br>STATE OF MASSACHUSETTS, et al.,<br><br>       Defendants. | Civil Action No. 14-14370-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                          December 30, 2014

For the reasons set forth below, (1) plaintiff's emergency motion of indigency review is allowed; (2) plaintiff's motion to proceed *in forma pauperis* is allowed; and (3) plaintiff shall show cause in writing why this action should not be dismissed. No summonses shall issue until further Order of the Court.

### BACKGROUND

On December 4, 2014, Tara McNeil ("McNeil"), a self-described homeless resident of Boston, Massachusetts, filed a *pro se* complaint accompanied by motions for emergency review and to proceed *in forma pauperis*. See Docket. McNeil brings this civil rights action against the Commonwealth of Massachusetts, the City of Somerville; the Somerville Police Department; a Somerville police officer; the Committee for Public Counsel Services ("CPCS");[1] two criminal

---

[1] CPCS is a Massachusetts state defender service that provides legal counsel to indigent defendants. See Trapp v. Spencer, 479 F. 3d 53, 57 (1st Cir. 2007). It is an agency of the Commonwealth of Massachusetts. See M.G.L. c. 211D, § 1 (enabling statute establishing CPCS to plan, oversee and coordinate the delivery of criminal legal services to criminal defendants).

1

defense attorneys and unnamed Somerville District Court employees. See Complaint ("Compl.").

The crux of the complaint concerns allegations that defendant police officer Lance Covert arrested McNeil without probable cause at the Somerville District Court. Id. In addition to alleging false arrest, McNeil complains of (1) the denial of a speedy trial, (2) obstruction of justice; (3) the defendants' failure to preserve the court surveillance tape, and (4) the public defender's alleged slander of McNeil. Id. at ¶ 25.

Specifically, McNeil alleges that she visited the Somerville District Court on April 14, 2014, and again on April 16, 2014. Id. at ¶ 11. She complains that several unnamed court employees prevented her from filing a motion concerning her appeal of a traffic ticket. Id. While at the courthouse, McNeil alleges that a police officer, subsequently identified as defendant Covert, arrested her. Id. at ¶ 12. McNeil complains that she was not read her Miranda rights and that Covert kept her briefcase while McNeil was being removed from the courthouse by another police officer. Id. at ¶¶ 13, 15. McNeil complains that Covert also performed an unlawful search of her bag. Id. at ¶ 15.

Defendant Connie Tran was appointed as McNeil's public defender and McNeil complains that Tran ignored her calls, missed an appointment and placed a note with McNeil's name in public view. Id. at ¶¶ 16 - 18. McNeil complains that attorney Tran sent a letter to the district attorney that contained untrue, derogatory commentary. Id. at ¶ 18. McNeil alleges that she made efforts to have the court surveillance tape preserved as exculpatory evidence by contacting the court, the police and attorney Tran. Id. McNeil alleges that the surveillance tape from the court was "erased" despite the fact that McNeil asked those with legal responsibility to preserve the tape. Id. at ¶ 19.

McNeil alleges that she dismissed Tran and attorney Gilbert was then appointed as her

attorney. Id. at ¶ 21. McNeil complains that attorney Gilbert would not file a motion to dismiss, despite McNeil's instructions to do so. Id.

McNeil states that "the court process [has been allowed] to float along without any aggressive measures taken for [plaintiff's] defense with no accountability to those that are allowing this 'insult to justice' to continue." Id. at ¶ 23. McNeil believes that she has been disrespected because of her "homeless status." Id. at ¶ 23. McNeil complains that her name and reputation has been tarnished because of this incident and that her fledgling flower business has suffered as well. Id.

For relief, McNeil seeks (1) a declaration that her constitutional rights were violated; (2) a court order for the defendants either to produce the surveillance tape or dismiss the criminal case; and (3) compensatory damages. Id. at ¶¶ 25 - 28.

## DISCUSSION

**I.    The Filing Fee**

Plaintiff's financial disclosures contained in her motion to proceed *in forma pauperis* indicate that she has no substantial assets or income. Her primary source of income is from public benefits. She operates a small flower business. In view of these disclosures, this court finds plaintiff has demonstrated that she is without sufficient funds to pay the applicable filing and administrative fees, and therefore her motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is allowed.

**II.   Review**

Because McNeil is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court is authorized to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if

3

the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

Plaintiff's *pro se* pleadings must be construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept., 209 F.3d 18, 23 (1st Cir. 2000). Even reading McNeil's complaint with "an extra degree of solicitude" due to her *pro se* status, Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir.1991), the complaint is subject to dismissal.

### III. The Complaint Is Subject to Dismissal

Upon review of the complaint, this Court finds that it is subject to dismissal. "Generally speaking, 42 U.S.C. § 1983 provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" Grapentine v. Pawtucket Credit Union, 755 F.3d 29, 31 (1st Cir. 2014) (quoting 42 U.S.C. § 1983). To state a claim under that statute, a plaintiff must assert two allegations: (1) "that some person deprived [her] of a federal right," and (2) that such person "acted under color of state or territorial law." Id. (quoting Gomez v. Toldeo, 446 U.S. 635, 640 (1980)) (alteration in original).

#### A. Somerville Police Department, Commonwealth and CPCS

Here, the Somerville Police Department and the Committee for Public Counsel Services are subject to dismissal as parties to this action. Police departments and state agencies generally are not deemed to be "persons" for purposes of Section 1983. See, e.g., Curran v. City of Boston, 777 F. Supp. 116 (D. Mass. 1991) (holding that a police department is considered a non-person and is not

4

a suable entity under Section 1983); Johnson v. Rodriguez, 943 F.2d 104 (1st Cir. 1991) (state agency may not be sued for alleged civil rights violations).

Neither a State, nor its agencies are "persons" subject to liability for damages in a Section 1983 action. Will v. Michigan, 491 U.S. 58, 66 (1989). While "section 1983 provides a federal forum to remedy many deprivations of civil liberties, it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. The Eleventh Amendment bars such suits unless the State has waived its immunity. Id.; Pennhurst v. Halderman, 465 U.S. 89, 99 (1984) (holding that a state's consent to being sued in federal court must be express and unequivocal). To the extent McNeil complains that CPCS, an agency of the Commonwealth of Massachusetts, denied her right to a speedy trial, such claims are subject to dismissal because the Commonwealth has not waived it sovereign immunity to suit in federal court.

### B. CPCS Attorneys Tran and Gilbert

"[A] public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant." Georgia v. McCollum, 505 U.S. 42, 53 (1992) (citing Polk Cnty. v. Dodson, 454 U.S. 312 (1981)). Although the public defender in Polk was a full-time government employee, he was not acting "under color of state law" because, except for source of payment, the lawyer-client relationship was no different than one with a privately retained lawyer and was essentially a "private function." Polk, 454 U.S. at 319.

Moreover, it is well established that neither a state nor a state official in his or her official capacity is a "person" subject to liability in a Section 1983 damages action. Will, 491 U.S. at 65-66. A section 1983 claim against a person in his official capacity is a suit against a State. Id. at 66. Here, to the extent McNeil seeks monetary damages against Tran and Gilbert in their official

capacities as CPCS attorneys, the claim is barred by the doctrine of sovereign immunity. Id. at 65-66.

### C. Unidentified Court Employees

Here, McNeil complains that several unnamed court clerks and supervisors denied her request for forms and her requests to file motions. Instead, she told that she was not allowed to file such motions and was advised to wait and speak to the judge.

However, the doctrine of quasi-absolute judicial immunity extends to employees of a court when they perform tasks that are an integral part of the judicial process. See Andre v. Moriarty, et al., No. 11-40009, 2011 WL 1456773, *7 (D. Mass. 2011) (Saylor, J.) (citing Book v. Dunlavey, 2009 WL 891880, *4 (W.D. Pa. 2009), Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir.2000) (deputy court administrator); Mullis v. United States Bankr. Court for the Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir.1987) (clerks and deputy clerks); Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir.1992) (quasi-judicial immunity applied to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts")). A court administrator or deputy administrator, who is charged with the duty of carrying out facially valid courts orders, enjoys quasi-judicial immunity from liability for damages in a suit challenging conduct prescribed by that order. See Addlespurger v. Corbett, No. 11-3915, 461 F. App'x 82, 85–86 (3d Cir. 2012).

Here, McNeil failed to set forth facts sufficient to identify these individuals nor has she alleged facts that can overcome the quasi-judicial immunity that benefits the unnamed court clerks and supervisors. The complaint, as drafted, is not sufficient to state a claim for the violation of her

6

constitutional rights by the unnamed court defendants and the claims are subject to dismissal.

**D.     City of Somerville**

To the extent McNeil asserts a claim against the City of Somerville, such claim is subject to dismissal. Although municipalities and counties are "persons" for purposes of Section 1983, liability against these political subdivisions may not arise vicariously. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 279 (1977); Monell v. Department of Soc. Servs., 436 U.S. 658, 691-92 (1978). The First Circuit summarized the law of municipal liability as follows:

> Generally, a municipality 'may be liable under [section 1983] if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation.' Connick v. Thompson, ─── U.S. ───, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). However, municipalities are not vicariously liable under section 1983 for the actions of their non-policymaking employees. See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403–04, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). They are responsible only for their own unconstitutional acts. Pembaur v. City of Cincinnati, 475 U.S. 469, 478–79, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Thus, a plaintiff who brings a section 1983 action against a municipality bears the burden of showing that, 'through its deliberate conduct, the municipality was the "moving force" behind the injury alleged.' Brown, 520 U.S. at 404, 117 S.Ct. 1382 (emphasis in original) (quoting Monell, 436 U.S. at 694, 98 S.Ct. 2018). Such a plaintiff must 'identify a municipal "policy" or "custom" that caused the plaintiff's injury.' Id. at 403, 117 S.Ct. 1382 (quoting Monell, 436 U.S. at 694, 98 S.Ct. 2018).

Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011).

Here, McNeil's claims against the City of Somerville fail because she has failed to allege the existence of an unconstitutional custom or policy. Moreover, such claim cannot be based on the alleged unconstitutional actions of a police officer under a theory of vicarious liability. Thus, the claims against the City of Somerville are subject to dismissal.

**E.     Abstention**

Most, if not all, of McNeil's claims involve due process violations in connection with her

7

arrest and prosecution. However, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971). Here, it appears from the allegations in the complaint that McNeil's state criminal proceedings are still pending. This court is without jurisdiction to intervene in a state criminal proceeding or act as an appellate court with respect to those proceedings. See In re Justices of Superior Court Dept. of Massachusetts Trial Court, 218 F.3d 11, 16 (1st Cir. 2000). There are no circumstances presented here which would exempt this case from the abstention principles. Therefore, to the extent that McNeil is entitled to any relief with respect to her state criminal charges, she must present her claims to the state court presiding over the criminal proceedings or any appropriate state appellate court.

## IV. Show Cause Order

In light of the above, the Court will permit McNeil an opportunity to show cause why this action should not be dismissed for the reasons stated in this Memorandum and Order.

**ORDER**

Accordingly, it is hereby ORDERED that:

1) Plaintiff's emergency motion of indigency review is allowed.

2) Plaintiff's motion to proceed *in forma pauperis* is allowed.

3) Plaintiff shall, within 35 days of the date of this Memorandum and Order, demonstrate good cause in writing why this action should not be dismissed. Failure to do so within this time frame will likely lead to dismissal of this action.

4) No summonses shall issue pending further Order of the Court.

**SO ORDERED.**

                                           /s/ Denise J. Casper
                                           Denise J. Casper
                                           United States District Judge